IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA:

ISHMAEL CLARK-WILLIAMS,  
614 Fairview Ave  
Plaintiff  Takoma Park MD  
               20912  
v.                                                                       :   Civil Action No.

WASHINGTON METROPOLITAN AREA  
TRANSIT AUTHORITY, ("WMATA")  
600 Fifth Street NW  
Washington, DC 20001, and

AMALGAMATED TRANSIT UNION LOCAL 689  
("LOCAL 689")  
2701 Whitney Place  
Forestville, MD 20747, and

Mr. Anthony Garland  
c/o Local 689  
2701 Whitney Place  
Forestville, MD 20747  
    Defendants

RECEIVED  
Civil Clerk's Office  
DEC 17 2013  
Superior Court of the  
District of Columbia  
Washington, D.C.

COMPLAINT

CLAIM 1 AGAINST LOCAL 689

1. Jurisdiction of the Court is founded on DC Code Annotated, 2001 Ed., as amended, Sec. 11-921.

2. WMATA and Local 689 entered into a certain Agreement between Washington Metropolitan Area Transit Authority and Local Union 689 of the Amalgamated Transit Union AFL-CIO (the "CBA").

3. Both WMATA and Local 689 conduct business in the District of Columbia.

1

4. On about September 7, 2007, Plaintiff was hired by WMATA in the position of bus operator, Employee Payroll Number 009308.

5. Prior to being hired by WMATA, Plaintiff plainly and fully disclosed in writing to WMATA that he had pled guilty to certain criminal violations and was on probation from the New Jersey Court system ("the New Jersey Violations").

6. From his hire until about February 4, 2011, Plaintiff served WMATA and its customers without any violation of WMATA policies and procedures, other than minor customer complaints– without any adverse action taken, and one violation of the anti-violence workplace policy for which he was terminated but ultimately and quickly reinstated.

7. On about February 4, 2011, Plaintiff was terminated due to violations of Sections 1.1, 1.2, & 1.3 of the WMATA Employee Handbook.

8. On about February 4, 2011, Plaintiff filed his Grievance about such termination which Grievance was denied at all steps.

9. On about May 5, 2012, WMATA and Local 689 agreed to settle Plaintiff's Grievance with reinstatement of his employment on the condition that Plaintiff "undergo background screening pursuant to [WMATA's Policy] P/I 7.40/0, and his reinstatement will be contingent upon his meeting the standards set forth in" such Policy (the "Settlement Agreement").

10. Immediately prior to signing that Settlement Agreement for Local 689, Mr. Anthony Garland, then Recording Secretary, Shop Steward, and Assistant Business Agent, for Local 689, discussed the New Jersey Violations with Plaintiff, and Mr. Garland asked if Plaintiff had disclosed those matters when he was hired, and Plaintiff answered affirmatively. Mr. Garland advised Plaintiff that such previously disclosed violations would not prevent Plaintiff's reinstatement under the Settlement Agreement

11. On about July 31, 2012, WMATA notified the relevant parties that Plaintiff was not eligible for reinstatement because "an offense reported on his record [is] a permanent disqualifier for employment." That offense is the New Jersey Violations.

12. The effect of conditioning that Settlement Agreement on the application of WMATA's Policy P/I 7.40/0 caused Plaintiff not to be reinstatement solely because of the New Jersey Violations which had been excused by WMATA when it hired Plaintiff about 5 years previously.

13. Plaintiff filed a grievance which was denied. Local 689 voted that Plaintiff's Grievance be arbitrated.

14. In its Opinion and Award of the Board of Arbitration on about June 21, 2013, the Board did not consider or rule on any of the issues raised in this Complaint, and denied Plaintiff's Grievance.

15. The Board's determinations in its Opinion and Award are conclusive on the parties hereto.

16. Local 689 does not oppose WMATA's Policy P/I 7.40/0 in its collective bargaining with WMATA pursuant to the CBA.

17. Local 689 has statutory duties to Plaintiff under the National Labor Relations Act to represent him fairly both in its collective bargaining with WMATA and enforcement of the CBA.

18. In the CBA, both WMATA and Local 689 have contractual duties to deal with Plaintiff in good faith and with fundamental fairness.

19. Local 689 violated such duties by its failure to oppose WMATA's Policy P/I 7.40/0 generally and with respect to Plaintiff's Grievance Grievance and its processing, and by its failure to oppose and prevent the application of such Policy against Plaintiff.

20. As a result of Plaintiff's termination of employment described above, Plaintiff has lost wages not compensated by minor, temporary employment he has secured, he has lost access to health care benefits for him and his family which benefits would have been

provided by WMATA at reduced cost to him, he has had legal fees for consultations regarding available legal remedies, he has had pain and suffering, medical and mental conditions, and increased costs for medical and mental treatments, and he has incurred legal fees for bringing this civil action.

## CLAIM 2 AGAINST WMATA

21. Allegations in paragraphs 1 – 20 herein are incorporated by reference.

22. In its employment contract with Plaintiff, WMATA has duties to deal in good faith and provide fundamental fairness toward Plaintiff.

23. In the CBA, both WMATA and Local 689 have duties to deal with Plaintiff in good faith and with fundamental fairness.

24. WMATA violated such duties by its application of WMATA's Policy P/I 7.40/0 in the Settlement Agreement and with respect to Plaintiff's Grievance.

25. WMATA violated such duties by not taking any action against Mr. Garland for his advice to Plaintiff in connection with the Settlement Agreement.

## CLAIM 3 AGAINST MR. GARLAND

26. Allegations in paragraphs 1 – 25 herein are incorporated by reference.

27. Section 1.2 of the WMATA Employee Handbook states that "Employees must make timely, complete and truthful statements at all times. … Any employee providing false or misleading information or documentation will be subject to immediate dismissal." Such rule imposes duties on Mr. Garland toward Plaintiff in official dealings in connection with his employment contract and the CBA.

28. Mr. Garland violated such duties in advising Plaintiff in connection with the Settlement Agreement.

29. Mr. Garland, as agent of Local 689, violated its duties toward Plaintiff as described above.

4

30. As results of such violations of their duties, Defendants jointly and severally have caused damages to Plaintiff for loss of wages and benefits, loss of seniority in his employment with WMATA, attorney's fees, court costs, and other damages as shall be proved at trial, in the amount of at least $250,000.

NOW THEREFORE, Plaintiff prays that the Court render judgment against Defendants jointly & severally for $250,000 or more, plus attorney's fees, plus other relief as the Court will determine.

Respectfully submitted,

John E. Williams, Esq.
Counsel to Plaintiff
3213 Duke Street, Suite 601
Alexandria, Virginia 22314
DC Bar #201442
Tele: 703 838-2939
Fax: 703 548-6173