UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.1:14-CV-00099-JEB

In the Matter of:

ISHMAEL CLARK-WILLIAMS,                    }
                                            }
                                            }
                    Plaintiff,              }
                                            }
          vs.                               }
                                            }
LOCAL 689, AMALGAMATED TRANSIT             }
     UNION                                  }
2701 Whitney Place                          }
Forestville, MD 20747                       }
                                            }
Mr. Anthony Garland                         }
c/o Local 689 2701 Whitney Place            }
Forestville, MD 20747                       }
          and                               }
                                            }
WASHINGTON METROPOLITAN AREA               }
TRANSIT AUTHORITY (WMATA)                   }
600 Fifth Street, NW                        }
Washington, DC 20001                        }
                                            }
                    Defendants.             }
_____         }

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Amalgamated Transit Union, Local 689, AFL-CIO (hereinafter "Local 689" or

the "Union") and Mr. Anthony Garland, by and through undersigned counsel, Answers the

Complaint and presents certain affirmative defenses. The Union and Mr. Garland generally deny

that they engaged in any wrongdoing and further generally deny that Plaintiff is entitled to any

relief whatsoever. The Complaint should be dismissed with prejudice. The Union and Mr. Garland respectfully requests that the Court order the Plaintiff to pay all of its attorneys' fees, costs and other expenses of and related to this civil matter.

## ANSWER

1.    Defendant denies the allegations in paragraph 1 of the Complaint

2.    Defendant admits the allegations in paragraph 2 of the Complaint

3.    Defendant admits the allegations in paragraph 3 of the Complaint

4.    Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 4 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

5.    Defendant admits the allegations in paragraph 5 of the Complaint

6.    Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 6 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

7.    Defendant admits the allegations in paragraph 7 of the Complaint

8.    Defendant admits the allegations in paragraph 8 of the Complaint

9.    Defendant admits the allegations in paragraph 9 of the Complaint

10.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 10 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

11.   Defendant admits the allegations in paragraph 11 of the Complaint

12.   Defendant admits the allegations in paragraph 12 of the Complaint

13.   Defendant admits the allegations in paragraph 13 of the Complaint

14.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 14 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

15.   Defendant admits the allegations in paragraph 15 of the Complaint

16.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 16 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

17.   Defendant denies the allegations in paragraph 17 of the Complaint

18.   Defendant admits the allegations in paragraph 18 of the Complaint

19.   Defendant denies the allegations in paragraph 19 of the Complaint

20.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 20 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

21.   Defendant denies the allegations in paragraph 21 of the Complaint

22.   Plaintiffs' rights are governed by the Collective Bargaining Agreement, the terms and conditions speak for themselves

23.   Plaintiffs' rights are governed by the Collective Bargaining Agreement, the terms and conditions speak for themselves

24.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 24 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

25.   Defendant is without information or knowledge sufficient to form a belief as to the allegations in paragraph 25 of the Complaint, therefore it is not possible to admit or deny. To the extent that an answer is deemed necessary, the Defendant denies the allegations

26.   Defendant denies the allegations in paragraph 26 of the Complaint

27.   Defendant denies the allegations in paragraph 27 of the Complaint

28.   Defendant denies the allegations in paragraph 28 of the Complaint

29.   Defendant denies the allegations in paragraph 29 of the Complaint

30.   Defendant denies the allegations in paragraph 30 of the Complaint

<u>AFFIRMATIVE DEFENSES</u>

**First Defense: Failure to state a claim upon which relief can be granted**

31.     The Plaintiff failed to state a claim upon which relief may be granted.

32.     Defendant Local 689 is a Labor Union which is organized for the purpose of collective bargaining with the Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA" or "the Authority"). Pursuant to Public Law 89-774 80 Stat. 1324, the State of Maryland, the Commonwealth of Virginia and the District of Columbia entered into the Washington Metropolitan Area Transit Authority Regulation Compact (hereinafter referred to as "the Compact). Under this law, the courts have applied to WMATA employment, the general law governing the relationship to the private sector unions and the workers they represent, known colloquially as "Duty of Fair Representation (DFR)", <u>Vaca v. Sipes</u>, 386 U.S.171 (1967); <u>Jordan v. WMATA</u>, 548 F. 2d 782 (D.C.C.A. 1988); <u>Sanders v. WMATA</u>, 819 F.2d 1151 (D.C. Cir. 1987); <u>Pearson v. WMATA</u>, D.D.C., C.A. No. 80-0273 (Oberdorf Feb. 28, 1980) <u>Barnes v. WMATA</u>, D.D.C., C.A. No. 79-1776 (Richey, Dec. 12, 1979); <u>Hoskins v. WMATA</u>, D.D.C., C.A. No. 79-062 (Gesell, May 23, 1979)

33.     The Union acted in a fair and non-discriminatory manner when processing the grievance relating to the Plaintiff. The action should be dismissed because there is no evidence (and none will be forthcoming) that the Plaintiff was treated arbitrarily, discriminatory, or with bad faith. <u>Sheila A. Moton v. WMATA and Mr. Barber</u>, USDC DC Docket No. 95-01279 (CRR) (Memorandum Opinion at 11-14, J. Charles R. Richey, February 19, 1996) (citing <u>Vaca v. Sipes</u>, 386 U.S.171, 177 (1967); <u>Air Line Pilots Ass'n, Int'l v. O'Neill</u>, 499 U.S. 65 (1991); <u>Waiters Union v. The Hotel Association of Washington</u>, 1973 WL 107, *6 (D.D.C. 1973)

34.     The Union fairly and properly took the Plaintiffs' grievance to arbitration and advocated for the Plaintiff. The Union disagreed with the Authoritys' failure to enforce the initial settlement agreement and reinstate the Plaintiff. There were no time limits or arbitrability issues, just a pure disagreement over the application of a new background check policy. The arbitration board disagreed with the Union and ruled that the Plaintiff did not meet the standard needed to comply with the settlement agreement due to his past convictions regardless of whether they had been disclosed prior. There is nothing in the Complaint which alleges any violation of the Duty of Fair Representation by the Defendant Union. Admittedly the Union lost the matter at arbitration, this loss does not give any cause of action to the Plaintiff. The grievance was handled properly by Local 689, ATU and Defendant did not violate the duty of fair representation.

35.     Nothing in the record demonstrates that the Union acted in bad faith or handled his grievance arbitrarily and capriciously. The Union handled the grievance in the same

manner that it processes all other claims. There was no violation of the Plaintiffs' rights by the Union.

36.    Accordingly, the Complaint does not state a claim upon which relief can be granted and it should be dismissed in its entirety.

**Second Defense: Individual Union Officers are Immune from Suit for Performing Union Responsibilities.**

37.    Plaintiff states a claim that has no cause of action as individual Union Officers are immune from suit when performing Union Duties.

38.    The Plaintiff alleges in paragraphs 26-29 that Defendant Anthony Garland advised the Plaintiff. That advice does not raise a cause of action. Specifically, stating that he violated section 1.2 of the WMATA handbook regarding making truthful statements with no additional claim does not make this actionable.

39.    The Supreme Court stated in Atkinson v. Sinclair Refining Co. 370 U.S. 238, 249 (U.S. 1962) that Union Officers may not be sued as individuals by the members they represent. This rule has been followed by this Court many times since that ruling. (See Sullivan v. Potter, et al., 2006 WL 785289 (D.C.D.C, 2006); Butler et al. v. Potomac Electric Power, et al., 2004 WL 4972367 (D.C.D.C. 2004); McCreary v. Potter, et al., 273 F. Supp. 2d 106, 113 (D.C.D.C. 2003); Mims v. Capitol Printing Ink, et al.,428 F. Supp. 12, 14 (D.C.D.C. 1976))

40.    Defendant Anthony Garland was a Union Officer at the time of the Plaintiffs' grievance which is the underlying charge of this Complaint. Defendant Garland was acting in his capacity as a Union officer when dealing with the Plaintiff. Therefore, there is no actionable cause against Defendant Garland as he was only performing his duty as a Union officer.

41.    Accordingly, the Complaint does not state a claim upon which relief can be granted as individual Union officers are granted immunity from lawsuits when acting in their capacity as an Officer. The Complaint against Defendant Anthony Garland should be dismissed in its entirety.

**Third Defense: Punitive Damages, Compensatory Damages and Other Tort Damages Are Unavailable as a Matter of Law**

42.    Punitive Damages, Compensatory Damages and Other Tort Damages are unavailable as a Matter of Law.

43.    The Plaintiff is suing the Union as a result of alleged events which occurred in the course of the Plaintiff's employment relationship.

44.    In such lawsuits, extraordinary forms of damages, including particularly punitive damages and compensation for emotional distress etc., are not permitted as a matter of law. Vaca v. Sipes, 386 U.S.171, 177 (1967); Bowen v. United States Postal Service, 459 U.S. 212, 103 S.Ct. 588,591, n.4, 592,595 (1983); Barthelemy v. ALPA, 897 F.2d 999, 1005-1006 (9th Cir. 1999); Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1482 (9th Cir. 1985)

45.    Punitive damages, and virtually all forms of compensatory damages (e.g., pain and suffering, embarrassment, humiliation, etc.) are not recoverable against Local 689, ATU. The Complaint requests at least $200,000.00. However, under no circumstances may a union member, like the Plaintiff who is attempting to allege a breach of the duty of fair representation, collect damages from their union beyond lost wages and benefits. IBEW v. Foust, 442 U.S. 42 (1979).

46.    Accordingly, any and all portions of the Complaint seeking legally unavailable forms of damages should be dismissed with prejudice.

**Fourth Defense: The Plaintiff's Claims are barred by his Failure to Exhaust Administrative Remedies**

47.    The Plaintiff has not exhausted all of the administrative remedies available prior to filing the lawsuit.

48.    Local 689, ATU is a local chapter of the International Amalgamated Transit Union ("International"). The International's Constitution binding on all locals and their members, states in section 22.10: "Any member or members feeling that they have been unfairly dealt with by the L.U. have the right of appeal (after the L.U. has given its final decision in the case or cases) to the I.P.[International President], from the I.P. to the G.E.B., and from the G.E.B. to the regular convention of the I.U....The parties making appeals must set forth their complaints clearly in writing, giving all information and evidence bearing upon the case. They must state in the appeal whether it is to the I.P., the G.E.B. or the Convention and they must not take legal action or go into court until they have exhausted all their rights within the Union..." (Amalgamated Transit Union Constitution & General Laws P. 104)

49.    The Plaintiff did not file an appeal with the International Union and failed to follow any of the procedures available to him under the Constitution.

50.    Accordingly, The Complaint is not ripe as the Plaintiff failed to exhaust all internal procedures and it should be dismissed with prejudice.

For all of the foregoing reasons, the Complaint should be dismissed without prejudice. Defendant respectfully requests that the Court order Plaintiff to pay all of the attorneys' fees, costs, and other expenses of and related to this action.

Respectfully submitted,
Defendant
**Local 689, Amalgamated Transit Union, AFL-CIO**
By its Counsel,


_____/s/ Douglas Taylor_____
Douglas Taylor 959502
GROMFINE, TAYLOR& TYLER P.C.
1420 King Street, Suite 5000
Alexandria, VA 22314
703.683.7780
703.683.2065 (fax)
Dtaylor@lbgt.com
